UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Demone Hall,

        Petitioner,        Case No. 16-cv-10126

v.        Judith E. Levy
        United States District Judge

Tony Trierweiler,

        Mag. Judge Anthony P. Patti

        Respondent.

_____/

**OPINION AND ORDER AMENDING CAPTION, DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE, AND DISMISSING CASE WITHOUT PREJUDICE**

Michigan state prisoner Demone Hall[1] has filed a "Motion to Hold Habeas Petition in Abeyance." The matter has been docketed as a habeas corpus petition. The Court will dismiss the case without

---

[1] The case caption listed on the petition is "Damone Hall v. Toni Trierweiler." The Michigan Department of Corrections' offender profile information system lists the name of the inmate assigned the same prisoner identification number as that listed by Petitioner to be "Demone Hall." *See* Michigan Department of Corrections, Biographical Information Demone Dominique Hall, available at: https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=807304, last visited June 21, 2016. Petitioner also spelled his name "Demone Hall" in the return address listed on the envelope submitting his motion. The Court directs the Clerk of Court to amend the case caption to reflect the name under which Petitioner Demone Hall is incarcerated.

prejudice because the petitioner's "motion" does not satisfy the requirements of Rules 2(c) and 2(d) of the Rules Governing Section 2254 Cases, and because Petitioner has not exhausted state court remedies for six claims he apparently intends to raise in a habeas corpus petition.

I. **Legal Standards**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Rule 2(c) of the Rules Governing Section 2254 Cases specifies what must be included in an application for writ of habeas corpus and Rule 2(d) requires that a "petition must substantially follow either the form appended to the rules or a form prescribed by a local district-court rule." In particular, a habeas application must "be signed under

penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." R. Governing Sect. 2254 Cases 2(c)(5).

If the Court construes a filing as a properly filed petition, it may still be subject to summary dismissal. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners must raise each claim in the state's highest court before seeking federal habeas corpus relief. See *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of

establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

## II. Analysis

Petitioner's filing, entitled "Motion to Hold Habeas Petition in Abeyance," fails to comply with the requirement that it be signed under penalty of perjury. (*See* Dkt. 1 at 3, 5, 9, and 10.) For this reason the matter is subject to dismissal for failing to comply with the Rules Governing Section 2245 Cases. *See Vernon v. Alexander*, 815 F.2d 81 (Table) (6th Cir. 1987). *See also Moorer v. Winn*, No. 2:14-12463, 2014 WL 2993721, at *1 (E.D. Mich. July 3, 2014).

Even if petitioner's filing were compliant, his petition would need to be dismissed for his admitted failure to have exhausted his claims in state court. Petitioner was convicted in Wayne County Circuit Court of armed robbery. On April 2, 2013, he was sentenced to 15 to 30 years' imprisonment. Following his sentencing, Petitioner filed an appeal of right in the Michigan Court of Appeals. On July 24, 2014, the Michigan Court of Appeals affirmed his convictions. *People v. Hall*, No. 315691, 2014 WL 3705087 (Mich. Ct. App. July 24, 2014). On March 3, 2015,

the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hall*, 497 Mich. 972 (2015).

Petitioner's filing includes inaccurate statements that in 2008 he filed a motion for relief from judgment in the trial court that was denied, and that the Michigan Court of Appeals denied his appeal of that decision. (Dkt. 1 at 3.) However, there is no record of the motion for relief from judgment nor of an appeal of a decision in such an action. S*ee* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2177450 (last accessed June 21, 2016). There is an entry for May 25, 2016, denying such a motion. *Id*. Despite the errors, Petitioner apparently seeks to hold this petition in abeyance so that he may file a motion for relief from judgment in the trial court to exhaust his state court remedies. (Dkt. 1 at 4.)

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on this statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d),could file a "protective" petition in

federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In this case, Petitioner has already proceeded to file and obtain rulings in state court on his unexhausted claims. A federal court may stay a habeas corpus proceeding when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). Here, however, the limitations period should not pose a problem, given the petitioner's apparent diligence. On March 3, 2015, the Michigan Supreme Court denied Petitioner's application for leave to appeal. On June 1, 2015, his convictions then became final as the ninety days expired then for his

opportunity to file a petition for a writ of certiorari in the United States Supreme Court.

The one-year limitations period commenced the following day, June 2, 2015. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Petitioner filed the pending motion on January 15, 2016, over four months before the expiration of the limitations period on June 2, 2016. Therefore, the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, 562 F.

App'x 426, 430 (6th Cir. 2014) (citing *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); 28 U.S.C. § 2244(d)(2)).

### III.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner's motion to hold habeas petition in abeyance should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, the Clerk of the Court is directed to amend the case caption to read: "Demone Hall v. Tony Trierweiler."

It is further ORDERED that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [Dkt. # 1] is DENIED and the matter is DISMISSED WITHOUT PREJUDICE.

**It is further ORDERED that a certificate of appealability is DENIED.**

IT IS SO ORDERED.

Dated: July 6, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager